HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORP. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOLIDAY MOTORHOMES, INC., a Washington corporation,<br><br>Defendant. | No. C11-5359RBL<br><br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR REPLEVIN, AND A TEMPORARY RESTRAINING ORDER [Dkt. #6] |

This matter is before the court on Plaintiff GE Commercial Distribution Finance Corp's Motion for Replevin and for a Temporary Restraining Order. [Dkt. #6]. Holiday responds that the parties have already agreed to, and in fact have begun to, arbitrate all disputes between them, including issues of possession of the collateral.

In 2002, Plaintiff GE CDF provided wholesale floor financing to Defendant Holiday, for Motor Homes Holiday sells retail at lots in Fife, Washington, and elsewhere. GE CDF maintained a security interest in each of the vehicles in Holiday's possession, and continues to retain physical possession of the titles.

It is apparently undisputed that Holiday defaulted on its payment obligations to GE CDF under the financing agreement. GE CDF filed this lawsuit on May 9, 2011, claiming the total outstanding balance of over $6 million. It now moves for a temporary restraining order entitling it to immediate possession of the collateral (inventory) in Holiday's possession. Its Motion is based on Fed. R. Civ. P. 65 and RCW 7.64.035.

ORDER - 1

This lawsuit appears to be at least the fourth filed by GE CDF in an effort to recover the vehicles and payment. The first two lawsuits, filed in Pierce County, Washington, and Maricopa County, Arizona, led to a January 2010 Settlement and Forbearance Agreement. That Agreement required payment by June 30, 2010. That date came and went without payment, and the Agreement was extended to September 30, 2010. Holiday did not pay, and on November 29, 2010, instead filed an action against GE CDF in Pierce County Superior Court (Cause No. 10-2-15341-7). Holiday apparently claimed that GE CDF had breached the Settlement Agreement. GE CDF removed the case to this court, and moved to compel arbitration under the terms of the Settlement Agreement. [*See* Cause No. CV 10-5940BHS] On January 31, 2011, GE CDF's Motion was Granted without objection, and the matter was sent to arbitration before the AAA in Seattle. Judge Settle declined Holiday's request that he retain jurisdiction pending the result of the arbitration. [*See* Dkt. #16 in Cause No. CV 10-5940BHS].

Despite the fact that the parties' dispute was in arbitration, GE CDF filed another lawsuit in Pierce County (Cause No. 11-2-06411-1) on February, 14, 2011, and sought the same relief it seeks in this Motion – a TRO and an Order of Replevin. That Motion was DENIED by the Commissioner and by the Court on a Motion to Revise. GE CDF sought and obtained dismissal without prejudice on April 28, 2011. On May 9, 2011, GE CDF filed this, its fourth, lawsuit on this same subject matter. For reasons which are not clear, but which can be surmised, it did not reference the prior related action in this court. GE CDF again seeks a TRO and an Order of Replevin.

Holiday opposes the Motion, arguing as it presumably did previously, that the issues raised in this case and this motion have already been referred to the AAA for arbitration. Specifically, Holiday argues, and demonstrates, that Holiday's right to continue to sell the collateral is before the AAA. [*See* Dunkin Dec. at Ex. D, Dkt #12.]

There have been five prior lawsuits and there is ongoing a binding arbitration proceeding addressing the very issues raised in this lawsuit and this Motion. The Plaintiff's Motion for a TRO and for an Order of Replevin [Dkt. #6] is DENIED.

ORDER - 2

Holiday's Motion for fees, based on its claim that this action is frivolous, is DENIED WITHOUT PREJUDICE.  Holiday's Motion to Dismiss this action is similarly DENIED.  The Court will retain jurisdiction under Federal Arbitration Act, 9 U.S.C. §9, in an effort to cut off further serial litigation on these issues and to provide a vehicle for addressing the post-award proceedings outlined in that Act.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2011

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3